**FILED**
**FEBRUARY 9, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38215-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT JAMES ROGERS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert James Rogers appeals his conviction for bail jumping. We affirm.

## FACTS

On the morning of January 21, 2020, Robert James Rogers had a required court appearance in Stevens County Superior Court for two pending felony cases. Mr. Rogers had been arraigned on those two matters during the prior month and had signed the requisite conditions of release. Mr. Rogers failed to show for his required appearance and a bench warrant was issued just after noon that same day. Later that evening, law enforcement pulled Mr. Rogers's car over and arrested him for failure to appear. On January 24, 2020, the State filed an information charging Mr. Rogers with one count of

bail jumping. The court appointed an attorney, who was the same individual defending

Mr. Rogers on his two pending felony cases.

The bail jumping case proceeded to trial in March 2021. Before the State called its

first witness, the court and defense counsel discussed exhibits the State sought to

introduce which listed Mr. Rogers's underlying criminal charges:

> [DEFENSE COUNSEL]: —State's Exhibit 3 and 4 and then a pretrial order on both of those cause numbers, 6—Exhibit 5 and 6. They both relate to the underlying felonies—Cause Number 19 219-33 and 19 1 335-33. The minutes reflect what occurred and, in those minutes, it's relevant; but also, just is replete with, you know, what the charges were— thefts, forgeries. But it's necessary that the State prove that it was a class B or C felony that necessitated my client's appearance, which he failed to appear.
>
> And I don't know how we would sanitize that. So, I would—I just wanted the Court to consider that. I don't find it to be [inaudible - muffled] or prejudicial. I am not seeking a—a specific instruction in jury—you—you shall take notice that Mr. Rogers was charged with a class C or B felony at the time. I—it doesn't really matter to me what the felonies are in this case; they're not sex offenses, they're not violent offenses, so, I'm okay with that. I—I just wanted to—to make a record that I considered it and I don't have any objection.
>
> THE COURT: Alright. So, you're not asking that the actual charges be redacted and that we enter a—any kind of—
>
> [DEFENSE COUNSEL]: That's right, Judge.
>
> THE COURT: —stipulation for it being a class B or a class C felony?
>
> [DEFENSE COUNSEL]: Yes. Yes.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Just—if I—if they're not in there then the jury may wonder.

THE COURT: It's—it's your call. Yeah. Absolutely. So, I had wondered about that earlier, so, we're not going to make any changes to those.

1 Report of Proceedings (RP) (Mar. 17, 2021) at 230-31.

Later in the trial, the State called Troy Johnsen, a deputy clerk for Stevens County Superior Court. Clerk Johnsen testified that he was the courtroom clerk for the January 21, 2020, criminal docket and that Mr. Rogers had not shown for his court appearance. He also testified that defense counsel for Mr. Rogers had not provided any explanation that day for Mr. Rogers's failure to appear. Clerk Johnsen further stated his minute entry from the criminal docket did not reflect that Mr. Rogers had called the court to explain his absence. The State admitted various court documents listing the various crimes Mr. Rogers was charged with in the two cases underlying his bail jumping charge.

Defense counsel for Mr. Rogers then cross-examined Clerk Johnsen. Through the use of leading questions, defense counsel elicited the following information:

- Defense counsel likely had the largest caseload of any public defender in the county.

- While defense counsel is in court, he gives his full attention to his client and the judge.

- Defense counsel often speaks with clients out in the court hallway when another defender's case is being heard.

- The court would not have allowed defense counsel to take a phone call while in the courtroom.

- Defense counsel lives in the city of Spokane.

- It takes defense counsel about an hour and a half to drive to the Stevens County courthouse.

- Defense counsel does not take phone calls while driving.

- Defense counsel is very busy on criminal docket days.

Mr. Rogers was called to testify during the defense case-in-chief. He testified that on January 21, 2020, he was unable to drive his rear-wheel-drive vehicle out of his dirt driveway to court due to large amounts of slush and snow. Mr. Rogers explained he attempted to get in touch with defense counsel that morning, but the office informed Mr. Rogers that his defense counsel was in court. Mr. Rogers also testified he called the office of the Stevens County Clerk and tried to explain his situation. He further explained that later on the evening of the January 21, after the temperature dropped below freezing, the driving conditions improved to the point where he was able to leave his home to drop

off a friend in a nearby town. Mr. Rogers admitted he drove past the jail in Colville on

this trip and that he could have stopped there and notified authorities of his situation.

During cross-examination, the State impeached Mr. Rogers with evidence of two

prior theft convictions.

The court instructed the jury. Jury instruction 6 informed the jury of the elements

of the crime of bail jumping, one of which is "[t]hat the defendant was charged with a

class B or C felony." Clerk's Papers (CP) at 108.

Jury instruction 7 explained:

> Forgery, Identity Theft in the Second Degree, Theft in the Second
> Degree, and Unlawful Possession of Payment Instruments are all Class C
> felonies.
> Possession of a Stolen Motor Vehicle is a Class B felony.

CP at 109; 1 Report of Proceedings (RP) (Mar. 18, 2021) at 336. Defense counsel did not

object to jury instruction 7.

During closing argument defense counsel again raised the issue of his own

unavailability on the morning of January 21, 2020, stating:

> What do you do if you've got a hearing coming up and you can't make it
> and you need a continuance? You call your lawyer. You don't come to the
> Clerk's office and work things out. You call your lawyer. Always. And we
> all know that.
> His lawyer was me. I was working here that day. What is it that you
> would expect of me? This is your case now. What do you envision Mr.

Rogers, and I should have done while I'm in this courthouse with other clients? I can't help Mr. Rogers during the day. What is he supposed to do?

1 RP (Mar. 18, 2021) at 359.

The jury found Mr. Rogers guilty of bail jumping. He has filed a timely appeal.

ANALYSIS

Mr. Rogers seeks reversal of his conviction based on ineffective assistance of counsel. To prevail on this type of claim, a defendant must show both (1) deficient representation and (2) prejudice. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Failure to meet either prong of the analysis bars relief.

Mr. Rogers claims he was deprived of his right to effective assistance of counsel at trial in two ways: (1) counsel created an impermissible conflict of interest by injecting himself as a fact witness, and (2) counsel provided deficient representation by allowing the jury to learn of the nature of the charges underlying Mr. Rogers's failure to appear. We address each of these claims in turn.

*Conflict of interest*

Mr. Rogers contends defense counsel's cross-examination of Clerk Johnsen created a conflict of interest between Mr. Rogers and his counsel by attempting to introduce evidence that could only be established through counsel's own testimony.

6

We agree with Mr. Rogers that defense counsel's questions and argument to the jury were inappropriate. "Lawyers are not permitted to impart to the jury personal knowledge about an issue in the case under the guise of either direct or cross-examination when such information is not otherwise admissible in evidence." *State v. Sanchez*, 171 Wn. App. 518, 549, 288 P.3d 351 (2012). If the prosecutor had inserted their own knowledge into Mr. Rogers's case, it would have qualified as vouching and been subject to a misconduct claim and possible reversal of the conviction. *See State v. Ish*, 170 Wn.2d 189, 196, 241 P.3d 389 (2010).

While defense counsel's conduct was inappropriate, it is not grounds for reversal because Mr. Rogers cannot show prejudice. By injecting himself into Mr. Rogers's case, defense counsel attempted to corroborate Mr. Rogers's testimony and suggest Mr. Rogers was telling the truth. This did not place defense counsel and Mr. Rogers in conflict. We cannot discern of any way in which defense counsel's conduct could have harmed Mr. Rogers's prospects with the jury. Mr. Rogers's ineffective assistance claim based on conflict of interest fails for lack of prejudice.

*Alternate jury instruction*

Mr. Rogers argues defense counsel's failure to request an appropriate alternate instruction in lieu of jury instruction 7 compounded the adverse impact on his client's

credibility and amounts to ineffective assistance of counsel. We disagree.

To demonstrate deficient performance a defendant must establish "an absence of any legitimate trial tactic that would explain counsel's performance." *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). Here, the record clearly indicates defense counsel's decision to list the charged felonies was strategic. Prior to trial, counsel explicitly said he considered an instruction stating Mr. Rogers had been charged with class B and C felonies, but that he did not want the jury to "wonder" if the felonies were sex crimes or violent crimes. 1 RP (Mar. 17, 2021) at 230-31. This is precisely the type of decision that must be left to trial counsel. Particularly given Mr. Rogers was impeached on cross-examination with his prior convictions for crimes of dishonesty, trial counsel reasonably surmised it would be less prejudicial for the jury to know the pending charges instead of speculating as to whether Mr. Rogers may have tried to abscond from prosecution of a crime of violence or a sex offense.

Mr. Rogers also briefly mentions defense counsel's failure to address Mr. Rogers's prior convictions during direct examination. Mr. Rogers appears to argue that this oversight allowed the State to undermine Mr. Rogers's credibility. Mr. Rogers fails, however, to provide any citation to authority in support of this argument. Without more,

No. 38215-0-III
*State v. Rogers*

it is inappropriate to find this conduct amounts to ineffective assistance of counsel. *See* RAP 10.3(a)(6).

## CONCLUSION

Mr. Rogers has not shown that he was deprived of the right to effective assistance of counsel. The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Staab, J.

9